NESBITT, Judge.
The appellants and appellees were joint owners of the ground lease for the Eden Roc Hotel. The group sold its interest in the lease, retaining a security interest in the lease as well as the furniture and fixtures. Ultimately, the purchaser went into bankruptcy and the selling group sought to *80 foreclose on their security interests. The trustee in bankruptcy defended upon the ground that the group failed to obtain a written pledge of the furniture and furnishings as required by the UCC. On this basis, the bankruptcy court ruled that the trustee owned all of the furniture and furnishings free and clear of any security interest. To vindicate their loss, the group instituted a malpractice suit against the attorneys who prepared the documents of sale. A judgment in the sellers’ favor was affirmed here. Cohen v. Lansburgh, 418 So.2d 1295 (Fla. 3d DCA 1982).
After the mandate was issued, the appel-lees procured an order dropping Zerlin and Cohen as parties plaintiff in the malpractice action. The underlying basis for the ruling was as follows. After the foreclosure proceedings had been commenced, the group entered into an operating agreement wherein they would operate the hotel on behalf of the trustee during the bankruptcy proceedings. It was specifically provided that the group would advance monies for the opening and operation of the hotel. Upon the failure of Zerlin and Cohen to advance the required sums, suits were successfully maintained by the remaining members of the group to foreclose the liens of these two delinquent partners. From this judgment, the trial court in the instant case concluded that since Zerlin and Cohen were no longer partners in the Eden Roc Hotel, they were not entitled to the proceeds of the legal malpractice action. We disagree.
On these facts, it is clear that the appellants’ default on the operating agreement has no relation to the original selling group’s losses sustained because of the attorneys’ malpractice. The intervening foreclosure proceeding left Zerlin and Cohen’s personal right to recover damages undisturbed.
Consequently, we reverse the order dropping Zerlin and Cohen as parties.